IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LADELL A. EVANS,

                          Plaintiff,                          ORDER

        v.
                                                              15-cv-340-slc

CO II STRAHOTA, *et al.*,
                          Defendants.

In this *pro se* prisoner lawsuit, the court has granted plaintiff LaDell Evans leave to proceed against a number of defendants on an Eighth Amendment deliberate indifference claim arising from an incident where Evans attempted suicide by breaking his glasses and stabbing himself in the forehead.  Evans has filed a Motion for Sanctions (dkt. 47) and a Motion for Assistance in Recruiting Counsel (dkt. 50).  I am denying both motions, the second without prejudice to renewal later.

**Motion for Sanctions (dkt. 47)**

In this motion, Evans contends that the defendants have failed to properly preserve his glasses as evidence, and he seeks $5,000 as a sanction.  According to Evans, the defendants destroyed and/or tampered with the glasses because the glasses do not appear to be his and when he received the glasses for inspection, a women with no gloves handled them, and he received them in a ripped paper bag.  Evans is requesting that the glasses be tested to establish that they are his.  Such testing is unnecessary because Evans has not persuaded me that there is serious question whether these actually are his glasses.

Federal Rule of Civil Procedure 37 permits a court to sanction a party who fails to preserve evidence when that party had a duty to do so. Such a duty to preserve arises when a party knows or should know that litigation is imminent. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). Here, Evans states that he requested that the glasses be preserved shortly after his 2014 suicide attempt, so I will consider defendants' duty to preserve to have begun at that point. (*See* dkt. 49-1, at 7.) The state responds that Waupun Correctional Institution *did* preserve Evans's glasses. Evans has not submitted any evidence beyond his own say-so that the glasses were actually destroyed. Nor has he described what specifically is different about the preserved glasses (such as color, shape, or where they were broken) that led him to believe that they are not his.

In contrast, defendants have submitted documentation from the prison establishing that the glasses are the same. Namely, the court has received affidavits from James Muenchow, a Waupun employee who serves as the litigation coordinator for inmate lawsuits, as well as the records of a conduct report and subsequent disciplinary hearing that Evans received for making a weapon out of the glasses. (Dkt. 49-1.) Muenchow avers that when Evans requested that the glasses be preserved, Muenchow looked through Waupun's records vault, located the broken glasses and preserved them for this lawsuit. (Dkt. 41.) The conduct report records indicate that the glasses were set to be disposed, but the disciplinary hearing notes actually indicate both that Evans asked for the glasses to be held, and that the glasses were, in fact, evidence at the proceeding. Although the documents are internally inconsistent, Evans has not submitted any evidence that suggests that the glasses were not his, and Muenchow's affidavit tends to establish the opposite: that the glasses that have been preserved are his. Finally, there would be no reason

2

for the defendants or anyone else at WCI to lie about preserving the glasses, or to substitute a different pair of glasses for Evans's glasses. They would gain no legal or evidentiary edge from such conduct, weighed against the extraordinary penalties that could result from fabricating evidence in a federal lawsuit. I am denying Evans' request for sanctions.

## Motion for Assistance in Recruiting Counsel (dkt. 50).

I am also denying Evans' request for assistance recruiting counsel, but without prejudice. Before a court will address the merits of a request for assistance in recruiting counsel, a plaintiff must demonstrate that he has made reasonable efforts to find a lawyer on his own and has been unsuccessful, or that he has been prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, a plaintiff must specifically give the court the names of at least three lawyers who denied plaintiff's request for representation. Evans has submitted the name of only one attorney who has declined to represent him, and he has not indicated that he has unsuccessfully attempted to reach out to any other attorneys. For that reason, alone, I am denying his motion.

This is not a glorification of form over substance: even if Evans *had* submitted three attorney letters, I am not convinced that the demands of this lawsuit exceed Evans' abilities. *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007). To the contrary, so far in this lawsuit Evans has demonstrated that he is capable of engaging in discovery and that he is aware of the relevant legal standard that applies to his deliberate indifference claim. As this case proceeds through and past the discovery and "exhaustion" phases, if it becomes apparent that this lawsuit is more complicated and if Evans is struggling to represent himself at that time, then I will reconsider this motion.

3

ORDER

IT IS ORDERED that plaintiff's Motion for Sanctions (dkt. 47) is DENIED and his

Motion for Assistance in Recruiting Counsel (dkt. 50) is DENIED without prejudice.

Entered this 23rd day of August, 2016

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge