IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LADELL A. EVANS,

                      Plaintiff,

   v.

CO II STRAHOTA, *et al.*,

                      Defendants.

ORDER

15-cv-340-slc

---

In this prisoner lawsuit, plaintiff LaDell Evans is proceeding against a number of defendants on an Eighth Amendment deliberate indifference claim arising from an incident where Evans attempted suicide by breaking his glasses and stabbing himself in the forehead. The court has recruited attorney Kendall Harrison, of the law firm of Godfrey and Kahn, S.C., in Madison, Wisconsin, to represent him *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter his appearance as plaintiff's *pro bono* counsel for the record.

The next step is for the court to hold a status conference to discuss the calendar in this case. Plaintiff's counsel should contact the Wisconsin Department of Corrections for purposes of consulting with plaintiff in the preparation of his case whether by phone and/or in person. So that counsel will have sufficient time to consult with plaintiff in advance of a preliminary pretrial conference, I am directing the clerk's office to set a telephonic status and scheduling conference on a date in December 2016 that is convenient for both sides and the

court. Plaintiff has at one point indicated an interest in mediation, so that may be raised at the status conference.

Finally, plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients they take on. Now that plaintiff is represented by a volunteer attorney, plaintiff also has taken on a responsibility: plaintiff must cooperate fully with his attorney, as well as those working at his direction, and plaintiff must give his lawyer(s) breathing room to exercise professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive that plaintiff might wish to make. On the contrary, plaintiff should expect his lawyer(s) to tell him what he *needs* to hear, not what plaintiff might prefer to hear. Plaintiff must understand that the rules of professional conduct may prevent counsel from taking certain actions and might prevent them from letting plaintiff do certain things. As part of all this, plaintiff no longer may communicate directly with the court. All future communications with the court must be through his attorney(s).

If plaintiff decides at some point that he does not want to work with his attorney any more, then plaintiff may contact the court to end his representation by counsel. Plaintiff must realize that if we get to that point,, then plaintiff is back on his own: he will finish this case pro se and unrepresented by counsel. This is because it is extremely unlikely that the court will recruit a second set of attorneys to represent plaintiff in this case.

2

ORDER

IT IS ORDERED that the clerk's office enter Kendall Harrison of the law firm of Godfrey and Kahn as plaintiff's *pro bono* counsel of record and to set this case for a telephonic status conference in December 2016.

Entered this 14th day of November, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge